UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICKEY LAMAR EVANS,

          Plaintiff,

-vs-                                                  Case No. 8:05-cv-826-T-24TGW

FLORIDA DEPARTMENT OF CORRECTIONS,

          Defendant.
_____/

**ORDER**

     Pro se prisoner Plaintiff filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 and an affidavit of indigency which the Court construed as a motion to proceed in forma pauperis. Plaintiff complains that he has been denied the right to participate in an educational program in which he could earn his high school diploma. He claims that his rights to due process and equal protection have been violated because the Department of Corrections has not provided him educational classes pursuant to state statute.

     Plaintiff names the Department of Corrections, a state agency, as the Defendant in this action. As relief, Plaintiff seeks punitive damages of $100,000.

## Eleventh Amendment Immunity

The Eleventh Amendment provides that: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.  "The Amendment not only bars suits against a state by citizens of another state, but also applies equally to suits against a state initiated by that state's own citizens." Summit Medical Associates, P.C. v. Pryor, 180 F.3d 1326, 1336 (11th Cir.1999), cert. denied, 529 U.S. 1012 (2000).

While the text of the amendment does not explicitly so provide, the Supreme Court has held that the Eleventh Amendment serves as a jurisdictional bar to a suit against a state in federal court unless: (1) the state has explicitly consented to suit, thus waiving its sovereign immunity; or (2) Congress has specifically abrogated a state's Eleventh Amendment immunity. Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996). In Zatler v. Wainwright, the Eleventh Circuit found that Congress did not intend to abrogate a state's Eleventh Amendment immunity in § 1983 damage suits, and Florida has not waived its sovereign immunity in such suits. 802 F.2d 397, 400 (11th Cir.1986) (finding that the Secretary of Florida Department of Corrections was immune from suit in his official capacity where the § 1983 complaint alleged that prison officials failed to protect prisoner from sexual assault) (citing Gamble v. Fla. Dept. of Health and Rehab. Servs., 779 F.2d 1509, 1513-20 (11th Cir.1986) (dismissing § 1983 complaint for lack of jurisdiction upon finding that Florida has not waived its Eleventh Amendment sovereign immunity)).   "It is clear. . .that in the absence of consent a suit in which the State or one of its agencies or

departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984) (citations omitted).

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998). A plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983. "[E]ven in the case of pro se litigants ... leniency does not give a court license to serve as de facto counsel for a party,.. or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir.1998). See also, Pontier v. City of Clearwater, Fla., 881 F. Supp. 1565, 1568 (M.D. Fla. 1995). Neither amendment nor discovery will cure the deficiency in Plaintiff Evans' complaint. The Court cannot proceed with a cause of action under § 1983 where the only named Defendants are immune from liability. Jeffrey v. State of Florida, 2005 WL 11266666 (M.D. Fla., May 6, 2005).

Finally, the law is well settled that, absent several limited exceptions, the Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities. Edelman v. Jordan, 415 U.S. 651 (1974); Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 145-46 (1993); Seminole Tribe of

Florida v. Florida, 517 U.S. at 58; Carr v. City of Florence, 916 F.2d 1521, 1524 (11th Cir. 1990).

### Plaintiff's Claim Does Not Rise to Level of Constitutional Violation

Furthermore, Plaintiff's claim does not rise to the level of a constitutional violation because failure to provide inmates with educational programs does not violate prisoners' constitutional rights. See Burnett v. Phelps, 621 F. Supp. 1157 (D.C. La. 1985). Control of prison educational programs is a matter of prison administration which will not give rise to a federal claim in most instances. Hayes v. Cuyler, 475 F. Supp. 1347 (D.C. Pa. 1979). See Diehl v. Wainwright, 419 F.2d 1309 (5th Cir. 1970) (prison officials' decision that state court prisoner would not be allowed to take college-level correspondence course offered by Bible college was simply exercise of administrative discretion).

In the responses to Plaintiff's grievances, prison officials stated that the educational programs in which Plaintiff had been enrolled had been suspended due to state budgeting problems. (See Plaintiff's Appendix A). Nothing in any of Plaintiff's grievances indicates that he was "singled out" or exposed to undue hardship that any other inmate did not endure. The prison officials stated that [educational] program space had been greatly diminished while prison population remained the same.

Because Plaintiff has named a defendant who is immune from damages and because Plaintiff has not alleged the violation of a constitutional right, Plaintiff's claim must be dismissed.

Accordingly, the Court orders:

1. That Plaintiff's complaint is dismissed.

2. That Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is denied. Plaintiff is assessed the $250.00 filing fee.

THE CLERK IS DIRECTED TO ENTER JUDGMENT AGAINST PLAINTIFF AND TO CLOSE THIS CASE.  THE CLERK IS ALSO DIRECTED TO SEND A COPY OF THIS ORDER TO INMATE ACCOUNTING, 1711 MAHAN DRIVE, TALLAHASSEE, FL 32308, ATTENTION: JEFFREY R. STRALEY, PROFESSIONAL ACCOUNT SUPERVISOR.

ORDERED at Tampa, Florida, on May 23, 2005.

SUSAN C. BUCKLEW
United States District Judge

Rickey Lamar Evans